# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-1095V
(E-Filed: March 23, 2014)

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| KRISTEN WALTER, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | Special Master |
| | * | Hamilton-Fieldman |
| v. | * | |
| | * | Influenza ("Flu") Vaccine; Shoulder |
| SECRETARY OF HEALTH AND | * | Injury Related to Flu Vaccine |
| HUMAN SERVICES, | * | ("SIRVA"); Attorneys' Fees and Costs; |
| | * | Reasonable Amount Requested to |
| Respondent. | * | Which Respondent Does Not Object; |
| * * * * * * * * * * * * * | * | Decision on Proffer; Damages. |

Maximillian J. Muller, Muller Brazil, LLP, Philadelphia, PA, for Petitioner.
Lisa A. Watts, U.S. Department of Justice, Washington, DC, for Respondent.


## DECISION AWARDING DAMAGES[1]

On November 10, 2014, Kristen Walter ("Petitioner"), filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program"). Petitioner alleged that the administration of an influenza ("flu") vaccine administered on January 15, 2014 caused Petitioner to suffer from a shoulder injury

---

[1] Because this unpublished decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Otherwise, "the entire" decision will be available to the public. *Id.*

related to vaccine administration ("SIRVA").[2]  On January 30, 2015, the undersigned ruled that Petitioner was entitled to compensation.

On March 11, 2015, Respondent filed a Proffer on Award of Compensation ("Proffer"), attached hereto as Appendix A.  In the Proffer, Respondent represents that Petitioner agrees with the proffered award.  The undersigned finds the Proffer reasonable and adopts it as the decision of the Court in awarding damages and attorneys' fees, on the terms set forth therein.  In accordance with General Order Number 9, Petitioner represents that she did not personally incur any expenses in pursuit of this claim.

Pursuant to the terms stated in the attached Proffer, the undersigned awards the Petitioner:

A. A lump sum payment of **$160,465.00**, representing Petitioner's pain and suffering ($160,00.00), and past un-reimbursable expenses ($465.00) in the form of a check payable to Petitioner;

B. A lump sum of **$14,189.70** in the form of a check payable to Petitioner and Petitioner's attorney, Maximillian J. Muller, Esq., for attorneys' fees and costs.  Petitioner agrees to endorse this payment to Petitioner's attorney.

Proffer Section II.

---

[2]  The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

The undersigned approves the requested amounts for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| KRISTEN WALTER, | ) |
| | ) **ECF** |
| Petitioner, | ) |
| | ) |
| v. | ) No. 14-1095V |
| | ) Special Master |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) Lisa Hamilton-Fieldman |
| | ) |
| | ) |
| Respondent. | ) |
| | ) |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I. Items of Compensation**

    A.    <u>Life Care Items</u>

Respondent proffers that, based on the evidence of record, petitioner is unlikely to incur un-reimbursable future medical expenses as a result of her vaccine-related injury. See 42 U.S.C. § 300aa-15(a)(1)(A). Petitioner agrees.

    B.    <u>Lost Earnings</u>

Respondent proffers that based upon the evidence of record, petitioner's vaccine-related injury has not impacted her earnings capacity. Thus, an award of lost earnings under 42 U.S.C. § 300aa-15(a)(3)(A) is not appropriate in this case. Petitioner agrees.

    C.    <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $160,000.00 in actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. See 42 U.S.C. § 300aa-15(a)(4), (f)(4)(A).

Petitioner agrees.

    D.    <u>Past Un-reimbursable Expenses</u>

Evidence supplied by petitioner documents her expenditure of past un-reimbursable expenses related to her vaccine-related injury. 42 U.S.C. § 300aa-15(a)(1)(B). Respondent proffers that petitioner should be awarded past un-reimbursable expenses in the amount of $465.00. Petitioner agrees.

    E.    <u>Medicaid Lien</u>

Petitioner represents that there are no Medicaid liens outstanding against her as a result of her vaccine-related injury.

    F.    <u>Attorneys' Fees and Costs</u>

Petitioner has supplied documentation of reasonable attorneys' fees and litigation costs in the amount of $14,189.70 incurred in pursuit of this petition. In compliance with General Order #9, petitioner intends to file a statement confirming that she incurred no out-of-pocket expenses in proceeding on the petition. Respondent proffers that petitioner should be awarded **$14,189.70** for attorneys' fees and costs, as provided under 42 U.S.C. § 300aa-15(e)(1). Petitioner agrees.

## II. **Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below, and request that the Special Master's decision and the Court's judgment award the following:[1]

    A.    A lump sum payment of **$160,465.00**, representing petitioner's pain and suffering

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future pain and suffering.

   ($160,000.00), and past un-reimbursable expenses ($465.00) in the form of a check payable to petitioner;

B. A lump sum of **$14,189.70** in the form of a check payable to petitioner and petitioner's attorney, Maximillian J. Muller, Esq., for attorneys' fees and costs. Petitioner agrees to endorse this payment to petitioner's attorney.

  1. <u>Guardianship</u>

Petitioner is a competent adult.   Evidence of guardianship is not required in this case.

### III. <u>Summary of Recommended Payments Following Judgment</u>

| | | |
|---|---|---|
| **A.** | Lump sum to petitioner | **$160,465.00** |
| B. | Attorneys' Fees and Costs paid jointly to petitioner and her counsel | $ 14,189.70 |

        Respectfully submitted,

        BENJAMIN C. MIZER
        Acting Assistant Attorney General

        RUPA BHATTACHARYYA
        Director
        Torts Branch, Civil Division

        VINCENT J. MATANOSKI
        Deputy Director
        Torts Branch, Civil Division

        HEATHER PEARLMAN
        Senior Trial Attorney
        Torts Branch, Civil Division

                                        s/Lisa A. Watts
                                        LISA A. WATTS
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Telephone: (202) 616-4099

Dated: March 11, 2015.

4